PER CURIAM.
This matter is before the Court on Respondent’s Petition for Leave to Resign Pending Disciplinary Proceedings, pursuant to Article XI, Rule 11.08 of the Integration Rule of The Florida Bar.
The Petition is conditioned upon acceptance by the Board of Governors of the following terms and conditions:
“1. The [Respondent] has no past disciplinary history.
“2. The Florida Bar has served a Complaint on [Respondent] concerning cases 11A77M03, 11F77012, 11A77M34, 11A78M03, 1ÍA78M07 and 11A78M11 for which probable cause was found. The Complaint alleges misappropriation, negligence, misinformation to clients about their cases and improper settlement of a case.
“3. The Florida Bar also filed a Petition for Temporary Suspension on the above cases, pursuant to the Integration Rule of The Florida Bar, Article XI, Rule 11.10(5). The petition, Case No. 55,071, was granted by this Court on September 14, 1978.
“4. [Respondent] acknowledges he violated the Code of Professional Responsibility as alleged in the Complaint and Petition for Temporary Suspension, and pleads guilty to the Complaint in cases 11F77012 (complaint of Piper), 11A78M03 (complaint of Garr), 11A78M07 (complaint of Meyers), and 11A78M11 (complaint of Bengochea), but not cases 11A78M03 (complaint of Cosman), or 11A77M34 (complaint of Zammas).
“5. The Florida Bar has advised [Respondent] that nine other cases or complaints are under investigation by the Eleventh Judicial Circuit Grievance Committee “A”. These cases also involve misappropriation, negligence and misinformation to clients about their cases.
“6. [Respondent] acknowledges he violated the Code of Professional Responsibility with regard to some of the above cases, and waives probable cause proceedings for cases 11A76004 (complaint of Plymel), 11A78M27 (complaint of Co-hens), 11A78M91 (complaint of Schmitt), 11A78M72 (complaint of Powell), 11A78MA3 (complaint of DeFelicibus), 11A79M05 (complaint of Brozen), 11A79M28 (complaint of Ohlinger), and 11A79M37 (complaint of Brooks). [Respondent] does not admit guilt in case 11A78M69 (complaint of Rolle).
“7. [Respondent] has made restitution in cases 11A78M03 and 11A78M07 before the referee, and agrees to make restitution in cases 11A78M27, 11A78M72, 11A79M28 and 11A79M37 before the grievance committee.
“8. In addition, [Respondent] agrees to account for or return funds owed to the complainant in case 11A78M11.
“9. [Respondent] further agrees to affirmatively act to resolve all other complaints within six months of October 31, 1978.
“10. [Respondent] understands that under Article XI, Integration Rule 11.-08(6) no application for readmission may be filed until three years after the date of *411 the Supreme Court order accepting resignation.
“11. [Respondent] also understands that no application for readmission may be filed until all costs of these proceedings of $752.15 have been paid, restitution has been made to his clients, and rehabilitation can be shown.
“12. [Respondent] agrees to cooperate with any Client Security Fund investigation made by the Bar.
“13. [Respondent] agrees to waive confidentiality of all disciplinary cases mentioned and his Petition for Resignation, pursuant to Article XI, Integration Rule 11.12(l)(a).
“14. Completion of the terms of this Petition will ensure that no harm will come to the public nor the administration of justice by allowing [Respondent] to resign in lieu of disciplinary proceedings.
“15. [Respondent] freely and voluntarily submits this Petition.”
The Florida Bar having now filed its response supporting the Petition for Leave to Resign on the conditions set forth above, and the Court having reviewed the same and determined that the requirements of Rule 11.08(3) are fully satisfied, the Petition for Leave to Resign is hereby approved.
It is so ordered.
ADKINS, Acting C. J., and BOYD, OVERTON, SUNDBERG and HATCHETT, JJ., concur.